J. S28009/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH BESTMAN, | : | No. 3399 EDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 7, 2012,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0002168-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH BESTMAN, | : | No. 3400 EDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 7, 2012,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001313-2009

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED AUGUST 12, 2014**

Joseph Bestman appeals from the order of November 7, 2012, denying

his PCRA[1] petition as untimely filed.  We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

On July 16, 2009, appellant entered a negotiated guilty plea to one count each of retail theft, obstruction of a government function, and resisting arrest. Appellant received a sentence of 3 to 23 months' incarceration for resisting arrest, with credit for time served and immediate parole. (Notes of testimony, 7/16/09 at 11.) On the charge of obstruction of a government function, appellant received a sentence of one year of probation to run concurrently with the sentence on resisting arrest. (*Id.* at 12.) On retail theft, appellant received a sentence of one year of probation to run consecutively to the sentence on resisting arrest; therefore, appellant's aggregate sentence was 3 to 23 months' incarceration, followed by one year of probation. (*Id.*)

Appellant did not file post-sentence motions or take a direct appeal. On September 17, 2010, appellant filed a "motion to re-open sentence base [sic] on claim of ineffective assistance of counsel," alleging that trial counsel failed to advise appellant, a Liberian national, of the immigration consequences of his plea. Appellant's motion was properly treated as a PCRA petition and counsel was appointed. An amended petition was filed on appellant's behalf, adding a claim that appellant was actually born on January 4, 1992, and was a juvenile at the time of his guilty plea. Therefore, appellant argued that the court lacked jurisdiction to accept his plea.

A hearing was held on August 11, 2011, at which both trial counsel, Jonathan Consadene, Esq., and appellant testified. Appellant's petition was denied on November 7, 2012.[2] This timely appeal followed. Appellant has complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the PCRA court has filed a Rule 1925(a) opinion.

> Appellant's petition was filed after the effective date of the 1995 amendments to the PCRA; therefore, the jurisdictional time limits established by those amendments govern this case. ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 217-18 (1999). A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1).[Footnote 2] ***Commonwealth v. Howard***, 567 Pa. 481, 788 A.2d 351, 354 (2002). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3); ***Howard***, at 353. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. ***Commonwealth v. Abu–Jamal***, 574 Pa. 724, 833 A.2d 719, 723–24 (2003); ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000). The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. ***Murray***, at 203. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. ***See Commonwealth v. Bronshtein***, 561 Pa. 611, 752 A.2d 868, 871 (2002)

---

[2] The hearing was held before the Honorable Charles C. Keeler, who also took appellant's guilty plea. However, Judge Keeler subsequently retired from the bench and the matter was reassigned to the Honorable Gregory M. Mallon.

("[I]t is the petitioner's burden to plead and prove that one of the exceptions applies [.]"). The PCRA further requires a petition invoking one of these exceptions to "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). On appeal from the denial of PCRA relief, this Court decides "whether the findings of the PCRA court are supported by the record and free of legal error." **Abu–Jamal**, at 723.

[Footnote 2] These exceptions are: "(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012).

Instantly, appellant's judgment of sentence became final on Monday, August 17, 2009, when the time for filing a direct appeal expired.[3] Therefore, appellant had until August 17, 2010 to file a timely PCRA petition. Appellant's petition, filed September 17, 2010, is untimely.

---

[3] The actual 30th day fell on Saturday, August 15, 2009; therefore, appellant had until the following Monday to file an appeal notice. 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time).

Initially, we note that appellant was sentenced on July 16, 2009, to 3 to 23 months' incarceration followed by one year of probation. Therefore, it appears that appellant is no longer serving his sentence.[4] If so, then he is ineligible for PCRA relief. Our supreme court has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa.Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004). In addition, this court determined in *Commonwealth v. Fisher*, 703 A.2d 714 (Pa.Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. *Id.* at 716 (citations omitted).

At any rate, appellant's petition is clearly untimely and no exception applies to the statutory one-year time bar. Appellant attempted to invoke the after-recognized constitutional right exception, relying on *Padilla v.*

---

[4] *See* notes of testimony, PCRA hearing, 8/11/11 at 4 ("I would also point out that on case 1313 of 2009 [appellant] is no longer serving a sentence. [Appellant]'s maximum sentence on that case was 23 months, which was July 16, 2009; it was imposed on July 16, 2009. That 22 month [sic] sentence expired in June of 2011. So for that additional reason [appellant] is not entitled to relief on 1313 of 2009.").

*Kentucky*, 559 U.S. 356 (2010), in which the United States Supreme Court held that counsel must inform his client whether his plea carries a risk of deportation. However, this court determined in *Commonwealth v. Garcia*, 23 A.3d 1059 (Pa.Super. 2011), that *Padilla* did not recognize a new "constitutional right" and does not apply retroactively to cases on collateral review as an exception to the timeliness requirements of the PCRA.[5]

Appellant also claims the trial court did not have subject matter jurisdiction because he was a juvenile at the time of his plea. Appellant argues that Attorney Consadene should have filed a petition to transfer his case to juvenile court. According to appellant, his sentence is a "legal nullity."

Appellant is correct that generally, subject matter jurisdiction is non-waivable; however, the issue would still have to be raised in a timely PCRA petition.

> The timeliness requirements of the PCRA do not vary based "on the nature of the constitutional violations alleged therein . . . . To the contrary, . . . the PCRA's timeliness requirements . . . are intended to apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 202-03 (2000). Because the "PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter

---

[5] We note that Attorney Consadene testified at the PCRA hearing that appellant never told him he was a Liberian national, and he assumed he was a United States citizen. (Notes of testimony, 8/11/11 at 12.) The issue never came up, and Attorney Consadene had no reason to inform appellant of the immigration consequences of his plea. (*Id.*)

them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner."

*Id.* at 203. *Howard*, 788 A.2d at 356. Indeed, "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." *Commonwealth v. Grafton*, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing *Fahy*, *supra*; *Commonwealth v. Beck*, 848 A.2d 987 (Pa.Super. 2004). Certainly, we disagree with appellant's assertion that his plea and sentence were somehow a "legal nullity." (Appellant's brief at 20-21.)

Appellant has also filed a petition for remand, which this court denied without prejudice to re-raise the issue in his appellate brief. Appellant claims he has after-discovered evidence proving that he was born on January 4, 1992, including a Pennsylvania non-driver identification card.

This is not after-discovered evidence for PCRA purposes where appellant was certainly aware of his birthdate at the time of his plea. In fact, appellant testified at the PCRA hearing that he purposely lied to the court about his age because he did not want his mother to know about his arrest. (Notes of testimony, 8/11/11 at 35.) Appellant told the court that he was 20 years old. (*Id.*) Attorney Consadene testified that the record indicated appellant was born on October 19, 1988, and he had no reason to think that date was incorrect. (*Id.* at 13, 21-22.) Attorney Consadene

would have had no basis for filing a petition to transfer the case to juvenile court. (***Id.***)

Appellant also argues that, in the alternative, he should be allowed to pursue the matter in a state ***habeas corpus*** petition. (Appellant's brief at 23-24.) Appellant states that the remedy of ***habeas corpus*** is available for the rare instances where the PCRA offers no remedy. (***Id.*** at 23.)

> [T]he PCRA is the exclusive vehicle for obtaining post-conviction collateral relief. ***Commonwealth v. Bronshtein***, 561 Pa. 611, 614 n. 3, 752 A.2d 868, 869-70 n. 3 (2000). This is true regardless of the manner in which the petition is titled. ***Commonwealth v. Hutchins***, 760 A.2d 50, 52 n. 1 (Pa.Super.2000). Indeed, the PCRA statute specifically provides for such treatment:
>
>> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.
>
> 42 Pa.C.S.A. § 9542. Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA. ***See generally***, ***Commonwealth v. Fahy***, 558 Pa. 313, 332, 737 A.2d 214, 223-224 (1999) (citing ***Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d 1242 (1999)).

***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa.Super. 2001).

> Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of ***habeas corpus***. ***Fahy***, ***supra*** at 223-224;

- 8 -

> ***Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d
> 1242 (1999). Issues that are cognizable under the
> PCRA must be raised in a timely PCRA petition and
> cannot be raised in a ***habeas corpus*** petition. ***See***
> ***Commonwealth v. Peterkin***, 554 Pa. 547, 722
> A.2d 638 (1998); ***see also Commonwealth v.***
> ***Deaner***, 779 A.2d 578 (Pa.Super.2001) (a collateral
> petition that raises an issue that the PCRA statute
> could remedy is to be considered a PCRA petition).
> Phrased differently, a defendant cannot escape the
> PCRA time-bar by titling his petition or motion as a
> writ of ***habeas corpus***.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-466 (Pa.Super. 2013).

Appellant's claims of ineffective assistance of counsel for failure to advise him of the immigration consequences of his plea, and for failure to move to have the case transferred to juvenile court, are certainly cognizable under the PCRA. Appellant cannot seek to avoid the PCRA's time limitations by bringing the identical claims in a ***habeas*** petition. Simply because appellant's petition is untimely and no exception to the statutory time-bar applies, and he is left without a remedy under the PCRA, does not mean that his claims are reviewable pursuant to ***habeas corpus***.[6] ***See***
***Commonwealth v. Dickerson***, 900 A.2d 407, 412 (Pa.Super. 2006),
***appeal denied***, 911 A.2d 933 (Pa. 2006) ("the writ of ***habeas corpus*** has been subsumed into the PCRA for claims that are cognizable under the Act

---

[6] Ironically, if appellant had been adjudicated delinquent in juvenile court, he would likely be unable to bring a claim of trial counsel ineffectiveness for failing to warn him of the immigration consequences of his plea. The PCRA does not apply to juveniles, and ***habeas corpus*** is limited to those juveniles who are presently detained. ***In re B.S.***, 831 A.2d 151, 154 (Pa.Super. 2003).

and is not available merely because an otherwise cognizable claim is jurisdictionally time-barred"), citing **Fahy**, **supra**.

As appellant's petition was untimely filed, the PCRA court did not have jurisdiction to consider it. The PCRA court did not err in denying appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2014